**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **MARISSA SCADUTO** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case: 3:23-cv-50247** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **J.M.K. NIPPON CORPORATION d/b/a** | ) | |
| **JMK NIPPON RESTAURANT,** | ) | |
| | ) | **Jury Trial Demanded** |
| **Defendant.** | ) | |

## COMPLAINT

**NOW COMES** Plaintiff, Marissa Scaduto ("Plaintiff"), by and through the undersigned counsel, hereby filing this Complaint against J.M.K. Nippon Corporation d/b/a JMK Nippon Restaurant ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1.   This lawsuit arises under the Americans with Disabilities Act of 1990, as amended, ("ADA") seeking redress for Defendant's discrimination on the basis of Plaintiff's disability and Defendant's retaliation against Plaintiff for engaging in a protected activity under the ADA.

### JURISDICTION AND VENUE

2.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.  This action is authorized and instituted pursuant to 42 U.S.C. §12101 *et seq*.

3.   Venue of this action properly lies in the Northern District of Illinois, Western Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4.     All conditions precedent to jurisdiction under the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*. have occurred or been complied with.

5.     A charge of employment discrimination on basis of disability and retaliatory discharge was filed by Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

6.     Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## PARTIES

7.     At all times material to the allegations of this Complaint, Plaintiff, Marissa Scaduto resided in Winnebago County in the State of Illinois.

8.     At all times material to the allegations in this Complaint, Defendant, J.M.K. Nippon Corporation d/b/a JMK Nippon Restaurant was a corporation doing business in and for Winnebago County whose address is 2551 North Perryville Road, Rockford, IL 61107.

9.     Plaintiff was employed by Defendant as an "employee" within the meaning of ADA, 42 U.S.C. §12111(4).

10.     During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by ADA, and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. §12111(5)(A).

## BACKGROUND FACTS

11.     Plaintiff worked for Defendant as a server from on or around August 1, 2022 until her unlawful termination on or around December 7, 2022.

12.     As a server, Plaintiff's duties included, but were not limited to, the following:

- Taking food and drink orders for guests;
- Adhering to food safety guidelines;
- Sanitizing and bussing tables after guests leave; and
- Providing excellent customer service.

13.     Plaintiff has a physical impairment that substantially limits major life activities such as caring for herself, bending, lifting, and performing manual tasks.

14.     Regardless of Plaintiff's disability, she was able to perform the essential functions of her job with or without accommodations.

15.     Plaintiff is a "qualified individual" as defined under the ADA.

16.     Plaintiff disclosed her disability upon hire to Defendant.

17.     In or around December 7, 2022, Plaintiff slipped and fell while working in the kitchen.

18.     Plaintiff's slip at Defendant's workplace exacerbated the symptoms of her disability.

19.     Plaintiff engaged in protected activity and requested reasonable accommodations from Defendant to alleviate pain associated with her workplace injury to prevent further worsening of her disability-related symptoms.

20.     Despite this, Defendant failed to engage in the interactive process to determine the appropriate accommodation for Plaintiff's disability.

21.     Instead, Defendant's agent and Plaintiff's supervisor told Plaintiff, "I am taking you off the schedule because you had a bad attitude before you fell" and terminated Plaintiff's employment on the spot.

22.     Plaintiff never had any write-ups or disciplinary reviews prior to her unlawful termination.

23.     Plaintiff was shocked that Defendant terminated her employment, especially since she had received a raise two weeks prior to her fall at work.

24.     Defendant, rather than accommodate Plaintiff due to the injury she sustained at work that worsened the symptoms of her disability, terminated Plaintiff's employment.

25.     As such, Defendant failed to accommodate Plaintiff's disability.

26.     Other similarly situated employees outside of Plaintiff's protected class (non-disabled individuals) were not subject to the same disparate treatment and retaliatory discharge as Plaintiff.

27.     The purported justification for termination was unlawful discrimination on the basis of disability or because Defendant perceived Plaintiff as disabled.

### COUNT I
**Violation of the Americans with Disabilities Act**
**(Disability-Based Discrimination)**

28.     Plaintiff repeats and re-alleges paragraphs 1-27 as if fully stated herein.

29.     By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's disability in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

30.     Plaintiff met or exceeded performance expectations.

31.     Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

32.     Defendant terminated Plaintiff's employment on the basis of Plaintiff's disability.

4

33.     Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

34.     Plaintiff is a member of a protected class under the ADA, due to Plaintiff's disability.

35.     Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

36.     As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

### COUNT II
**Violation of the Americans with Disabilities Act**
**(Failure to Accommodate)**

37.     Plaintiff repeats and re-alleges paragraphs 1-27 as if fully stated herein.

38.     By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's disability in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101 *et seq*.

39.     Plaintiff is a qualified individual with a disability.

40.     Defendant was aware of the disability and the need for accommodations.

41.     Defendant failed to engage in the interactive process to determine the appropriate accommodations after Plaintiff requested reasonable accommodations.

42.     Plaintiff's reasonable accommodations that was requested was not an undue burden on Defendant.

43.     Defendant did not accommodate Plaintiff's disability.

44.     Plaintiff is a member of a protected class under the Americans with Disabilities Act

of 1990, as amended, 42 U.S.C. §12101 *et seq.*, due to Plaintiff's disability.

45.     Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

46.     As a direct and proximate result of the failure to accommodate described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT III**
**Violation of the Americans with Disabilities Act**
**(Retaliation)**

47.     Plaintiff repeats and re-alleges paragraphs 1-27 as if fully stated herein.

48.     Plaintiff is a member of a protected class under 42 U.S.C. §12101, *et seq.*

49.     During Plaintiff's employment with Defendant, Plaintiff requested reasonable accommodations.

50.     As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

51.     In response to Plaintiff requesting reasonable accommodations, Defendant terminated Plaintiff's employment under guise of her having a, "bad attitude."

52.     By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff requesting reasonable accommodations, thereby violating the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

53.     Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

54.     Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

6

55.     As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

      a.      Back pay with interest;

      b.      Payment of interest on all back pay recoverable;

      c.      Front pay;

      d.      Loss of benefits;

      e.      Compensatory and punitive damages;

      f.      Reasonable attorneys' fees and costs;

      g.      Award pre-judgment interest if applicable; and

      h.      Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 5th day of July, 2023.

                    /s/ *Alexander J. Taylor*
                    **Alexander J. Taylor, Esq.**
                    SULAIMAN LAW GROUP LTD.
                    2500 S. Highland Avenue, Suite 200
                    Lombard, Illinois 60148
                    Phone (331) 272-1942
                    Fax (630) 575 - 8188
                    E-mail: ataylor@sulaimanlaw.com
                    *Attorney for Plaintiff*

7